[614 NYS2d 145]

In the Matter of LAWRENCE D. MORINGIELLO (Admitted as LAWRENCE DANIEL MORINGIELLO), an Attorney, Resignor.

Second Department, May 2, 1994

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

*Lawrence D. Moringiello,* resignor *pro se.*

### OPINION OF THE COURT

Per Curiam.

Lawrence D. Moringiello has submitted an affidavit dated

February 16, 1994, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Moringiello was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on February 16, 1977, under the name Lawrence Daniel Moringiello.

Mr. Moringiello acknowledges that he is the subject of an investigation by the Grievance Committee for the Second and Eleventh Judicial Districts involving five separate complaints. The complaints involve neglect, failure to properly distribute trust assets, misleading a client, and failing to remit a down payment he was required to hold in escrow. Mr. Moringiello further acknowledges that he would be unable to defend himself against the charges of professional misconduct predicated upon these acts.

Mr. Moringiello's proffered resignation acknowledges that it is submitted subject to an application which may be made by the Grievance Committee for the Second and Eleventh Judicial Districts for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of this Court to make such an order. Mr. Moringiello is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waived the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Moringiello acknowledges that he is tendering his resignation freely and voluntarily, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation.

Inasmuch as the proffered resignation conforms with the Court's rules, the resignation of Lawrence D. Moringiello as an attorney and counselor-at-law is accepted and directed to be filed. Accordingly, Lawrence D. Moringiello is disbarred and his resignation is accepted and his name is stricken from the roll of attorneys and counselors-at-law, effectively immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and FRIEDMANN, JJ., concur.

Ordered that the resignation of Lawrence D. Moringiello is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective

immediately, Lawrence D. Moringiello is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Lawrence D. Moringiello shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Lawrence D. Moringiello is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.